UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL BRAZEL, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-20-91-G |
| | ) |
| JEORLD BRAGGS, | ) |
| | ) |
|    Respondent. | ) |

## ORDER

Petitioner Michael Brazel, a state prisoner, filed this action pursuant to 28 U.S.C. § 2254 seeking habeas relief. *See* Pet. (Doc. No. 1). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Gary M. Purcell for preliminary review.

On February 14, 2020, Judge Purcell issued a Report and Recommendation (Doc. No. 8), in which he recommended the habeas petition be dismissed as untimely under Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts. In the Report and Recommendation, Judge Purcell advised Petitioner of his right to object to the Report and Recommendation by March 5, 2020. Judge Purcell also advised that a failure to timely object would constitute a waiver of the right to appellate review of the factual findings and legal conclusions contained in the Report and Recommendation.

Petitioner requested and obtained two extensions to the objection deadline. *See* Order of Mar. 10, 2020 (Doc. No. 10) (continuing deadline to April 4, 2020); Order of Apr. 14, 2020 (Doc. No. 12) (continuing deadline to July 3, 2020). As of this date,

however, Petitioner's latest deadline has passed, and Petitioner has not submitted any objection to the Report and Recommendation or sought leave for additional time to do so.

CONCLUSION

Accordingly, the Report and Recommendation (Doc. No. 8) is ADOPTED in its entirety. This action is DISMISSED as untimely filed. A separate judgment shall be entered.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. Section 2253 of Title 28 of the United States Code instructs that a COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite showing is not met in this case. Therefore, a COA is denied.

The Clerk of Court is directed to serve copies of the Petition and this Order on Respondent and on the Attorney General of the State of Oklahoma through electronic

mail sent to fhc.docket@oag.state.ok.us.  *See* R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts.

    IT IS SO ORDERED this 31st day of July, 2020.

                                                  CHARLES B. GOODWIN
                                                  United States District Judge